**Jose GAUTIER, Petitioner,**

v.

**BUREAU OF PRISONS, Respondent.**

**No. 04 Civ 5362(VM).**

United States District Court,
S.D. New York.

Oct. 31, 2005.

***DECISION AND ORDER***

MARRERO, District Judge.

## I. *BACKGROUND*

■ By Order dated January 7, 2005, at the request of petitioner Jose Gautier ("Gautier") the Court stayed further proceedings in this action and placed the case on the Court's Suspense Docket pending a ruling by the Second Circuit Court of Appeals in another case involving the same issue Gautier raises in the instant petition. The question pertains to the method respondent Bureau of Prisons ("BOP") employs to calculate good time conduct credits pursuant to 18 U.S.C. § 3624(b) (" § 3624(b)"). Gautier contends that in determining the credits to which he is entitled, BOA should calculate such credits on the basis of the term of imprisonment originally imposed by the court, rather than on the amount of the sentence the inmate actually serves, which reflects the practice BOP follows as a matter of interpretation and policy. *See* 28 C.F.R. § 523.20.

The Court notes that the Second Circuit recently resolved the underlying issue in *Sash v. Zenk*, Docket No. 04–6206–pr, 2005 WL 2766782 (2d Cir. Oct.26, 2005), apparently one of a number of other inmate petitions in this Circuit challenging BOP's interpretation of § 3624(b). *See, e.g., Pasciuti v. Drew*, No. 04 Civ. 0043, 2004 WL 1247813 (N.D.N.Y. June 2, 2004). In *Sash*, the Circuit Court, affirming the district court's dismissal of the petition at issue, ruled that the BOP's interpretation was entitled to deference under the doctrine of *Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 842–843, 104 S.Ct.

2778, 81 L.Ed.2d 694 (1984), and found that the agency's reading of § 3624(b) was reasonable. Here, the Court finds *Sash* controlling of the issue Gautier raises and therefore denies his petition.

### ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the petition of petitioner Jose Gautier herein for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**